UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT ASHLAND

| | |
|---|---|
| ORA ANN CARROLL<br>O/B/O Martiki Faye Cron,<br><br>    Plaintiff,<br><br>V.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | CIVIL ACTION NO. 0:15-CV-100-KKC<br><br><br><br>**OPINION AND ORDER** |

\* \* \* \* \* \* \*

The plaintiff Ora Ann Carroll brings this action on behalf of Martiki Faye Cron pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision denying Cron's claim for supplemental security income disability benefits. The Court, having reviewed the record, will remand this matter to the Commissioner for further consideration.

### FACTUAL AND PROCEDURAL BACKGROUND

This Court's review of the decision by the Administrative Law Judge ("ALJ") is limited to determining whether it "is supported by substantial evidence and was made pursuant to proper legal standards." *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir.2009).

In denying claim, the ALJ engaged in the five-step sequential process set forth in the regulations under the Social Security Act (the "Act"). 20 C.F.R. § 404.1520(a)-(e). *See, e.g., Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).

At step one, the ALJ determined that Cron has not engaged in substantial gainful activity since April 26, 2012, the application date. (Administrative Record ("AR") at 13.)

At step two, the ALJ determined that Cron suffers from the following severe impairments: lumbralgia, borderline intellectual functioning (BIF), obesity, idiopathic juvenile arthritis, and irritable bowel syndrome. (AR at 13.)

At step three, the ALJ found that Cron did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR at 15.)

Before proceeding to step four, the ALJ determined that Cron has the residual functional capacity (RFC) to perform a range of medium work as defined by 20 C.F.R. §§ 416.967(c) as follows:

> [S]he can lift, carry, push or pull 25 pounds frequently and 50 pounds occasionally. She can stand and walk for six hours out of an eight hour day and sit six hours out of an eight-hour workday. She should never climb ladders and should avoid all hazards (unprotected heights, uneven surfaces, inherently dangerous machinery). She should not squat or crawl. She can understand, remember, and carryout routine, simple tasks; sustain attention and concentration for two hour[] periods; make simple work decisions; relate adequately to supervisors coworkers, and the public in an object focused setting; and adapt to expected routine task demands.

(AR at 17.)

At step four, the ALJ found that Cron is unable to perform any past relevant work. (AR at 21-22.)

At step five, the ALJ determined that, considering the RFC described above and Cron's age, education, and work experience, she can perform jobs that exist in significant numbers in the national economy and, thus, she is not disabled. (AR at 22.)

## ANALYSIS

At step two of the evaluation, the ALJ determined that Cron's obesity was a severe impairment. Cron argues that the ALJ failed to consider her obesity in determining whether Cron

has an impairment or combination of impairments that meets or equals a listed impairment. Cron also argues the ALJ failed to consider her obesity in determining her RFC.

Cron does not point to any particular listed impairment she believes she meets or equals because of her obesity. The ALJ did consider Cron's obesity in her opinion and found that it constituted a severe impairment because it imposed more than a minimal restriction on Cron's ability to perform basic work activities. The ALJ then specifically looked at whether Cron had any single impairment or "combination of impairments" that meets or medically equals one of the listed impairments. Thus, "[t]he plain language of the ALJ's opinion states that [s]he considered all impairments," in determining whether Cron's impairments met or equaled a listing. *Bledsoe v. Barnhart*, 165 F. App'x 408, 411 (6th Cir. 2006). Here, those impairments include obesity.

The ALJ determined that the examining and treating physicians' reports showed that Cron did not have the "ambulatory or upper extremity deficits" described in Sections 1.00(B)(2)(b) and 1.00(B)(2)(c), as required by Sections 1.02(A) and (B). Cron points to no medical evidence in the record that would indicate that her obesity meets or equals the Section 1 listing.

As to the ALJ's determination of Cron's RFC, Cron points to no medical evidence indicating that Cron's obesity limits her more than the RFC indicates, much less how her obesity limits her. In reaching her RFC determination, the ALJ specifically considered the opinions of state agency consultants Drs. Jo Ann Sexton and Humildad Anzures, both of whom considered Cron's obesity in making their assessments. (AR at 74, 87, 95, 107.) Accordingly, the ALJ made explicit mention of Cron's obesity in her findings of fact and also credited expert reports that consider obesity. This demonstrates that the ALJ sufficiently considered Cron's obesity in determining her RFC. *Id.* at 412 ("The ALJ did consider Bledsoe's obesity. First, the ALJ made explicit

3

mention of Bledsoe's obesity in his finding of facts. Second, the ALJ does not need to make specific mention of obesity if he credits an expert's report that considers obesity.")

Cron also argues that the ALJ erred by not finding that her impairments or combination of impairments meet listing 14.02, which deals with systemic lupus erythematosus ("SLE"), "a chronic inflammatory disease that can affect any organ or body system." 20 C.F.R. § Pt. 404, Subpt. P, App. 1. This listing is met where a claimant has SLE along with other conditions.

Cron points to no medical evidence in the record indicating that she has been diagnosed with SLE. Instead, she argues that she has a combination of impairments that creates the same symptoms and limitations as SLE.

The ALJ does not mention listing 14.02 in her opinion. This is true even though Cron specifically argued in her pre-trial brief before the ALJ that she had a combination of impairments that medically equals the severity of listing 14.02. Accordingly, this matter must be remanded in order for the ALJ to consider that issue and to articulate the reasons for her conclusion. *See Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 416 (6th Cir. 2011) ("Ultimately, the ALJ erred by failing to analyze Reynolds' physical condition in relation to the Listed Impairments. Put simply, he skipped an entire step of the necessary analysis. He was required to assess whether Reynolds met or equaled a Listed Impairment (such as the one above), but did not do so.")

For all these reasons, **IT IS HEREBY ORDERED** that:

1. The plaintiff's motion for summary judgment (DE 15) is **GRANTED** to the extent that the plaintiff requests that this matter be **REMANDED** to the Commissioner;
2. The defendant's motion for summary judgment (DE 16) is **DENIED**;

3. The decision of the Commissioner is **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g) and this matter is **REMANDED** to the Commissioner; and

4. A judgment will be entered contemporaneously with this order.

Dated March 28, 2017.

*Karen K. Caldwell*

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY